1
2
3
4
5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Estrada**, | Case No.: 5:16-CV-01277-ODW-SP |
| Plaintiff, | |
| v. | **[PROPOSED] PRETRIAL CONFERENCE ORDER** |
| **Gonzalo Velazquez;** and Does 1-10, | |
| Defendants. | |

# TABLE OF CONTENTS

1.  PARTIES ........................................................................................................... 3
2.  JURISDICTION AND VENUE....................................................................... 3
3.  TRIAL LENGTH .............................................................................................. 3
4.  JURY OR BENCH TRIAL ............................................................................... 4
5.  ADMITTED FACTS ........................................................................................ 4
6.  STIPULATED FACTS SUBJECT TO EVIDENTIARY OBJECTIONS…………………5
7.  CLAIMS AND AFFIRMATIVE DEFENSES ................................................. 6
8.  ISSUES REMAINING TO BE TRIED ............................................................ 7
9.  STATUS OF DISCOVERY .............................................................................. 7
10. DISCLOSURES ................................................................................................ 7
11. WITNESSES & DEPOSITION TESTIMONY ............................................... 7
12. LAW AND MOTION AND MOTIONS IN LIMINE ..................................... 8
13. BIFURCATION ................................................................................................ 8
14. CONCLUSION ................................................................................................. 8

Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. P. and L.R. 16, IT IS ORDERED:

**1. PARTIES**:

- Plaintiff Jose Estrada
- Defendant Gonzalo Velazquez

Each of the parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed. The pleadings which raise the issues are:

Plaintiff's Complaint filed on June 15, 2016;

Defendant Gonzalo Velazquez's Answer filed on March 22, 2017.

**2. JURISDICTION AND VENUE**:

Federal jurisdiction and venue are invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**3. TRIAL LENGTH**

The trial is estimated to take 1-2 trial day(s).

///

**4.  JURY OR BENCH TRIAL**

Neither party has demanded jury.

**5.  ADMITTED FACTS**

The following facts are admitted and require no proof:

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He drives a van with an electric ramp and uses portable hand controls.
2. Tacos El Gavilan ("Restaurant") is located at 115 E. Baseline, Rialto, California.
3. The Restaurant is a business establishment and place of public accommodation.
4. Defendant Gonzalo Velazquez owns the Restaurant and the real property where the Restaurant is located.
5. Napkin dispensers, eating utensils, and other eating supplies are one of the facilities, privileges, and advantages offered by defendant to the patrons of the Restaurant.
6. Providing an accessible self-service condiments counter that is compliant with ADAAG in the Restaurant is readily achievable for defendant.

**6. STIPULATED FACTS SUBJECT TO EVIDENTIARY OBJECTION**

None.

**7. CLAIMS AND DEFENSES**:

**A. Plaintiff's Claims**

Claim 1: Violation of the Americans With Disabilities Act of 1990 ("ADA")

Elements: (1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)]; (2) The defendant owns, leases or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and (3) The defendant discriminated against the plaintiff within the meaning of the ADA. The plaintiff will prove discrimination if (a) Defendants' facility had unlawful architectural barriers [42 U.S.C.

§ 12182(b)(2)(A)(iv)]; and (b) the Plaintiff encountered the architectural barrier precluding his full and equal access to the facility [42 U.S.C. § 12188(a)].

Key Evidence: (1) The testimony of Plaintiff Jose Estrada; (2) The testimony of Evens Louis; (3) The testimony of Janis Kent; (4) Plaintiff's photographs of interior of Defendant's business, taken May 12, 2016; (5) Copy of receipt of Plaintiff's February 5, 2016 visit to the Tacos El Gavilan restaurant; (6) Copy of Plaintiff's Expert Witness's report with attached photographs, dated September 5, 2017; (7) Copy of Defendant's post-repair photographs; (8) Copy of CASp Survey report prepared by Gabriel Argueta, CASp-126, dated July 27, 2016; (9) Copy of CASp Re-inspection Survey report prepared by Gabriel Argueta, CASp-126, dated April 17, 2017; (10) Copy of CASp Inspection Certificate of Tacos El Gavilan, dated March 17, 2017; (11) Defendants' responses to propounded discovery.

Claim 2: Violation of the Unruh Civil Rights Act (Cal Civ § 51-53)

Any violation of the Americans with Disabilities Act is a violation of the Unruh Civil Rights Act. (Civ. C. §§ 51(f). Thus, the elements and evidence for Claim 2 are identical to that of Claim 1.

**B. Defendant's Claims**

Defendant claims that Plaintiff did not encounter any architectural barriers because he did not visit the Tacos El Gavilan located at 115 E. Baseline, Rialto, California. Further, to the extent that the Plaintiff did actually encounter such barriers, Plaintiff is entitled to a reduction in the statutory penalty of $4,000 to $2,000.

**8.     ISSUES REMAINING TO BE TRIED:**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

  Whether Plaintiff actually visited the Tacos El Gavilan located at 115 E. Baseline, Rialto, California.

  Whether Defendant qualifies for a reduction in the statutory penalty of $4,000 to $2,000.

  Whether Defendants discriminated against Plaintiff within the meaning of the Americans With Disabilities Act of 1990.

**9. DISCOVERY**

  All discovery is completed.

**10. DISCLOSURES:**

  All disclosures under Fed. R. Civ. P. 26(a)(3) have been made. The joint exhibit will be filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those listed below: Any not previously disclosed.

**11. WITNESSES & DEPOSITIONS**

  The witness list will be filed with the court (other than solely for impeachment). Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: Deposition of Jose Tavares.

**12. LAW AND MOTION AND MOTIONS IN LIMINE**

  The following law and motion matters and motions in limine, and no others, are pending or contemplated: Defendant anticipates filing a motion in limine to exclude all evidence as it relates to the Tacos El Gavilan located at 115 E. Baseline, Rialto, California because the operative complaint identifies the location visited by Plaintiff as 115 E. Baseline, Fontana, California. Plaintiff intends to oppose this motion.

**13.   BIFURCATION**

None.

**14.   The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this pretrial conference order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice**

Dated _____, 2018          By: _____
                                            Hon. Judge Otis D. Wright, II
                                            United States District Judge

Approved as to form and content:

Dated: March 4, 2018          CENTER FOR DISABILITY ACCESS


                                      By:   /s/ Chris Carson
                                             CHRIS CARSON
                                             Attorneys for Plaintiff

Dated: March 4, 2018          LAW OFFICES OF GAVRIL T. GABRIEL


                                      By:   /s/ Gavril T. Gabriel
                                             GAVRIL T. GABRIEL
                                             Attorney for Defendant