CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq. SBN 280048
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@PotterHandy.com

Attorneys for Plaintiff Jose Estrada

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jose Estrada**,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**Gonzalo Velazquez;** and Does 1-10,<br><br>　　　　Defendants. | Case No.: 5:16-CV-01277-ODW-SP<br><br>**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Final Pretrial Conference: March 19, 2018<br>Time: 1:30 p.m.<br><br>Complaint Filed: June 15, 2016<br>Trial Date: April 3, 2018<br><br>Honorable Judge Otis D. Wright, II |

　　　　Pursuant to this Court's January 27, 2017 Scheduling and Case Management Order and Central District Local Rule 52-1, the plaintiff submits his Proposed Findings of Fact and Conclusions of Law:

Following bench trial, the Court makes the following **FINDINGS OF FACT:**

1. Plaintiff Jose Estrada is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He drives a van with an electric ramp and uses portable hand controls.

2. Tacos El Gavilan ("Restaurant") is located at 115 E. Baseline, Rialto, California.

3. Defendant Gonzalo Velazquez was the owner of the Tacos El Gavilan ("Restaurant") and the real property where the Restaurant is located in February 2016.

4. Defendant Aram Tsolakyan is currently the owner of the Tacos El Gavilan ("Restaurant") and the real property where the Restaurant is located.

5. The Restaurant is open to the public.

6. The Restaurant is a business establishment.

7. Napkin dispensers, eating utensils, and other eating supplies are one of the facilities, privileges, and advantages offered by defendant to the patrons of the Restaurant.

8. On February 16, 2016, Mr. Estrada went to the Restaurant to eat.

9. On the date of Plaintiff's visit, Mr. Estrada found that several items, including the napkins, forks, and salsa cups, were located too high for him to reach.

10. The napkins, forks and salsa cups were placed on the counter above the self-service condiments bar approximately 63 inches high.

11. On August 8, 2017, Plaintiff's expert, Janis Kent, conducted a site inspection of the Restaurant. As of August 8, 2017, some of the napkins, forks and salsa cups had been moved to a lower position on the condiment counter.

12. Mr. Estrada has several family members who live in and near Rialto whom he visits frequently. Thus, Mr. Estrada shops and eats in the area on a regular basis.

13. The Restaurant is conveniently located and Mr. Estrada enjoys the food at the Restaurant.
14. These unlawful conditions denied Mr. Estrada full and equal access to the goods, services, facilities, privileges, advantages, or accommodations offered by Defendant.
15. Providing an accessible self-service condiments counter that is compliant with ADAAG in the Restaurant is readily achievable for defendant.

Following bench trial, the Court makes the following **CONCLUSIONS OF LAW**:

1. Plaintiff Jose Estrada is a person with a disability under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. 42 U.S.C. § 12202; Cal. Civ. Code § 51(e)(1); Cal. Gov't Code § 12926(m).
2. As an owner and operator of a place of public accommodation, Defendant is the responsible party under Title III of the ADA. 42 U.S.C. § 12182(a).
3. Defendant has an obligation under the ADA to ensure that the Restaurant is accessible to persons with disabilities, which responsibility includes removing barriers to access where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv).
4. Because the eating supplies at the Restaurant were not in compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG), it presented a barrier to access because: (1) the barrier was readily achievable to remedy and (2) the Plaintiff encountered the barrier, thus the Defendant violated the Plaintiff's rights to full and equal access under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv); Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011).

5. Because Defendant violated the Plaintiff's rights under the ADA, the Defendant also violated the Plaintiff's rights under the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

6. Because the Plaintiff personally encountered and experienced difficulty with the violation, the Plaintiff is entitled to recover the statutory penalty of $4,000. Cal. Civ. Code §§ 52(a); 55.56(a)&(b).

7. Mr. Estrada eats, and shops and otherwise patronizes businesses in the Rialto area on a regular and ongoing basis. The Restaurant is conveniently located and he likes to eat the food at the Restaurant. He will continue to face the same discriminatory barrier until Defendant removes the barrier and has standing to seek injunctive relief, which relief includes providing accessible eating supplies. 42 U.S.C. § 12188(a)(2); C.F.R. § 32.111.

8. The Plaintiff's rights were violated under the ADA and the Unruh Civil Rights Act and the Plaintiff is entitled to recover the statutory penalty of $4,000 and to obtain an Order from the Court directing Defendant to provide accessible eating supplies.

9. Mr. Estrada is entitled to recover reasonable attorney fees, litigation expenses, and costs of suit. 42 U.S.C. § 12205; Cal. Civ. Code §§ 52.

Date: March 4, 2018          CENTER FOR DISABILITY ACCESS

By:  /s/ Chris Carson
     CHRIS CARSON
     Attorneys for Plaintiff