Gavril T. Gabriel, [SBN 296433]
**LAW OFFICES OF GAVRIL T. GABRIEL**
8255 Firestone Blvd., Suite 201
Downey, California 90241

Phone: (562) 758-8210
Fax: (562) 758-8219

Attorney for DEFENDANT,
GONZALO VELAZQUEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Jose Estrada**,
Plaintiff,

vs.

**Gonzalo Velazquez**; and Does 1-10,
Defendants.

CASE NO. 5:16-CV-01277-ODW-SP

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Final Pretrial Conference: March 19, 2018
Time: 1:30 p.m.

Complaint Filed: June 15, 2016
Trial Date: April 3, 2018

Honorable Judge Otis D. Wright, II

Pursuant to this Court's January 27, 2017 Scheduling and Case Management Order and Central District Local Rule 52-1, the defendant respectfully submits the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties as regards the trial scheduled to commence April 3, 2018.

## I. INTRODUCTION

This dispute arises out of alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. and Unruh Civil Rights Act Cal. Civ. Code § 51(f), 52(a), that allegedly prohibited plaintiff, JOSE ESTRADA from returning and patronizing the restaurant Tacos El Gavilan ("Restaurant") located at or about 115 E. Baseline, Rialto, California.

## II. THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1]

This is a civil action concerning alleged violations that discriminate against the plaintiff, Jose Estrada who has physical disabilities. Mr. Estrada claims to have visited a Tacos El Gavilan located at 115 E. Baseline, Fontana, California (based on the operative complaint).

## AMERICANS WITH DISABILITIES CLAIMS AND ELEMENTS

### 1. Summary of ADA's Claims [L.R. 16-4.1(a), (b)]

The Complaint alleges two counts for relief. ADA seeks statutory damages and attorneys' fees.

**Claim 1: Direct Violation of the Americans Disabilities Act of 1990 ("ADA")**

Summary: ADA alleges violations of 42 U.S.C. § 12182(a)] due to an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.

Elements: ADA has the burden of proving: (1) Plaintiff is Disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)] (2) The Defendant owns, leases or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and (3) The Defendant discriminated against the plaintiff within the meaning of the ADA. Plaintiff must additionally prove that if (a) Defendant's facility had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)] and (b) the Plaintiff encountered the architectural barrier precluding his full and equal access to the facility [42 U.S.C. § 12188(a)].

Defendant alleges that Plaintiff did not visit the facility located at 115 E. Baseline, Rialto, California on the date alleged as evidenced by 1) the incorrect address alleged in the Complaint, and/or 2) the only evidence presented that Mr. Estrada encountered the alleged architectural barriers, other than his testimony, is an unclear/distorted receipt. Therefore, Plaintiff's claims fail because he cannot prove all the elements required under the law.

///

///

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 201
DOWNEY, CALIFORNIA 90241

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 201
DOWNEY, CALIFORNIA 90241

**Claim 2: Violation of the Unruh Civil Rights Act (Cal. Civ. § 51-53)**

Summary: Plaintiff alleges that defendant violated the plaintiff's rights under the ADA, defendants also violated the Unruh Civil Rights Act and are allegedly liable to damages (Civ. Code. §51(f), 52(a).). The violation of the Unruh Civil Rights Act allegedly resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty (Civ. Code. § 55.56(a)-(c).).

Elements: Any violation of the Americans with Disabilities Act is a direct violation of the Unruh Civil Rights Act. (Civ. C §§ 51(f);). Therefore, the elements and evidence for Claim 2 are identical to that of Claim 1.

**Prayer for Relief – Statutory damages:**

Summary: ADA elected to seek statutory damages for the Violation of the Americans With Disabilities Act. Plaintiff is entitled to statutory damages between $4,000 and $8,000. The ADA is also seeking injunctive relief, compelling defendants to comply with the ADA and the Unruh Civil Rights Act and reasonable attorney fees, litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Defendant alleges that Plaintiff did not visit the facility located at 115 E. Baseline, Rialto, California on the date alleged as evidenced by 1) the incorrect address alleged in the Complaint, and/or 2) the only evidence presented that Mr. Estrada encountered the alleged architectural barriers, other than his testimony, is an unclear/distorted receipt. Therefore, Plaintiff's claims fail because he cannot prove all the elements required under the law.

**Summary of Defendant's Affirmative Defenses [L.R. 16-41(d), (e)]**

Defendant asserts twenty-five affirmative defenses against plaintiff's unverified complaint.

**First Affirmative Defense ("Failure to State a Cause of Action")**

Summary: Defendant alleges that Plaintiff's Complaint and each purported cause of action failed to state a claim against the Defendant upon which relief can be granted.

Defendant alleges that Plaintiff did not visit the facility located at 115 E. Baseline, Rialto, California on the date alleged as evidenced by 1) the incorrect address alleged in the Complaint,

and/or 2) the only evidence presented that Mr. Estrada encountered the alleged architectural barriers, other than his testimony, is an unclear/distorted receipt. Therefore, Plaintiff's claims fail because he cannot prove all the elements required under the law.

**Second Affirmative Defense ("Moot")**

Summary: Defendant alleges that all of the claims that Plaintiff presented are moot.

Plaintiff's claims are moot because the alleged violations have been remedied and/or alternative, non-discriminatory access to the alleged architectural barriers were/are provided.

**Tenth Affirmative Defense ("Imposition of Statutory Minimum Damages")**

Summary: Defendant alleges that the imposition of statutory minimum damages in this matter would violate the Defendant's Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

Defendant is a small business within the meaning of California Civil Code and has corrected all alleged architectural barrier(s).

**Fifteenth Affirmative Defense ("No Discrimination")**

Summary: Defendant alleges that all persons, regardless of sex, race, color, religion, ancestry, international origin, disability, or medical condition are permitted full and equal access to the subject property. Additionally, Defendant, in their policies, practices and procedures, do not discriminate against persons based on their sex, color, religion, ancestry, national, origin, disability, or medical condition.

Defendant has not discriminated and continues not to discriminate against any disabled person and/or Plaintiff.

**Sixteenth Affirmative Defense ("Good Faith Barrier Removal")**

Summary: Defendant asserts this affirmative defense and believes that Defendant has fulfilled their obligation by making and continuing to make good faith efforts to engage in readily

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 201
DOWNEY, CALIFORNIA 90241

achievable barrier removal and to make the subject property useable by and accessible to persons with disabilities. Further, to the extent that the Defendant was unable to remove a barrier from the subject property because it was not readily achievable to do so, Defendant has provided persons with disabilities with access to the public elements within the subject property through alternative methods. Accordingly, Plaintiff's Complaint and each cause of action alleged is barred.

**Twenty-Third Affirmative Defense ("Access Available")**

Summary: Defendant asserts this affirmative defense indicating that there was adequate and complaint access at the subject facility, and the same was useable by and accessible to persons with disabilities, including Plaintiff.

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 201
DOWNEY, CALIFORNIA 90241

## III. BIFURCATION OF ISSUES

Defendant does not seek to have any issues bifurcated, and would oppose any bifurcation sought by Defendant.

## IV. JURY TRIAL

No Party demanded a jury trial.

## V. ATTORNEY'S FEES

Attorneys' Fees are at issue in this case. Defendant believes that Plaintiff will file a motion for attorneys' fees, in addition, if Plaintiff does not prevail on his claims, Defendant will be seeking attorney's fees and costs pursuant to its FRCP 64 offers.

///

///

///

///

## VI. ABANDONMENT OF ISSUES

Defendant will allege all of his affirmative defenses raised in his Answer to the Complaint.

DATED: March 16, 2018

THE LAW OFFICES OF GAVRIL T. GABRIEL

By: [signature]

Gavril T. Gabriel
Attorney for DEFENDANT,
GONZALO VELASQUEZ

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 201
DOWNEY, CALIFORNIA 90241

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Evelyn Monreal, am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is:

8255 Firestone Blvd., Suite 201
Downey, CA 90241

On March 19, 2018, I served the foregoing document described as:

**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelope(s), at Downey, California, addressed as follows:

Raymond G. Ballister, Jr.
Phyl Grace, Esq.
Chris, Carson, Esq.
CENTER FOR DISABILITY ACCESS
P.O. Box 262490
San Diego, CA 92196
E-mail: dennisp@potterhandy.com
E-mail: phylg@potterhandy.com

[ ] **BY REGULAR MAIL**: I deposited such envelope in the mail at Downey, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Downey, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[X] **BY ELECTRONIC TRANSMISSION**: Pursuant to an agreement between the parties to accept service via electronic transmission, I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 19, 2018, at Downey, California.

Evelyn Monreal